*585 OPINION.
Love :
Section 200 of the Revenue Act of 1918 provides in part:
The term “personal service corporation” means a corporation whose income is to be ascribed primarily to the activities of the principal owners or stockholders who are themselves regularly engaged in the active conduct of the affairs of the corporation and in which capital (whether invested or borrowed) is not a material income-producing factor * • *.
The petitioner contends that it comes within this provision of the statute and that it is entitled to classification as a personal service corporation.
The petitioner alleges that capital, either invested or borrowed, was not a material income-producing factor for the year in question. This allegation was specifically denied by the respondent, the burden, therefore, was on the petitioner in respect of this issue.
The record discloses that the petitioner had an authorized capital stock of $25,000, divided into 500 shares, and that during 1919, 476 shares of stock were outstanding. We are not informed for what the stock was issued. It is further shown that prior to 1919, petitioner *586 had invested part of its surplus and we are not informed as to the amount of such investment, or the amount of income, if any, received in 1919 from such investments. Neither are we informed as to whether the petitioner borrowed money for use in conducting its business during the year in question. Thirty per cent of petitioner’s income came from activities of subagents. See Joseph Emsheimer Insurance Agency, 1 B. T. A. 649.
We are of the opinion, therefore, that the petitioner has failed to prove that it meets the requirements of the statute and, consequently, we approve the respondent’s determination in regard thereto.

Judgment will be entered for the respondent.

Considered by Trussell, Smith, and Littleton.